## Peerson, et al. v. Danley.

*Bill to Rescind and Cancel a Conveyance, Remove a Trustee, and to Restore Lands to Proper Trustee.*

(Decided February 6, 1913. 61 South. 302.)

*Equity; Bill; Multifariousness.*—A bill by a complainant who is a joint owner of land devised in trust to her and her two brothers, seeking to cancel a conveyance of her interest in the land to one of her brothers on the grounds of fraud and misrepresentation, and to have one who has acted as agent of the trustee remove from his position is multifarious, since no connection is shown between the two causes of action.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. WILLIAM H. SIMPSON.

Bill by Lillian P. Danley against Rufus Peerson and another, to rescind and cancel a conveyance for fraud, to remove a trusteeship, to cancel and annul a written agreement, and to have the lands restored to the real trustee. From a decree overruling demurrers to the bill, respondents appeal. Reversed, rendered and remanded.

A. A. WILLIAMS, for appellant. The bill is multifarious.—*Howard v. Corey,* 126 Ala. 283. The bill improperly joins parties respondent.—*O'Bear J. Co. v. Volfer,* 106 Ala. 205. Counsel discusses other matters, but in view of the opinion, it is not deemed necessary to here set them out.

[Peerson, et al. v. Danley.]

GEORGE P. JONES, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—Complainant; as joint owner with her two brothers of certain lands devised to them in trust by their grandfather, seeks: (1) To rescind and cancel a conveyance of her interest in the lands made by her to one of her said brothers and procured from her by false and fraudulent representations; (2) to have removed from the trusteeship (?) of the lands one James M. Peerson, her uncle, who it is alleged took possession of and controlled said lands and collected the rents, income, and profits, under some contract or agreement with the real trustee, who is complainant's mother; (3) to have delivered up and canceled the written agreement under which said J. M. Peerson acted as agent for the trustee in that behalf; and (4) to have the lands restored to the said real trustee to hold and manage under the provisions of the will. The two joint owners (the brothers), the real trustee (the mother), and the de facto trustee (the uncle) are made parties defendant to the bill.

Without undertaking to discuss the sufficiency of the allegations of the bill in respect to the several reliefs prayed, it will suffice, for present purposes, to say that the bill shows no connection whatever between complainant's equity to have rescission and cancellation of the deed as against Rufus Peerson, and her equity as cestui que trust to have J. M. Peerson removed from his position of agency to the trustee, and to have the lands restored to such trustee. They are distinct, unrelated rights, and their conjunction in this bill unquestionably renders it multifarious.

This ground of demurrer was interposed by each of the respondents who appeal, and the demurrers should

have been sustained. A decree will be here rendered sustaining the respective demurrers of appellants as to multifariousness, and the cause remanded for further proceedings in the chancery court.

　. Reversed, rendered, and remanded. '

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.